REC'D IN PRO SE OFFICE
MAR 4 '25 PM3:31

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    MAR 0 4 2025    ★

LONG ISLAND OFFICE

RECEIVED

MAR – 4 2025

EDNY PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

J.A.R, by his parent and natural guardian, HEATHER NADOLNY, and HEATHER NADOLNY, individually,

Plaintiffs,

v.

OYSTER BAY-EAST NORWICH CENTRAL SCHOOL DISTRICT, FRANCESCO IANNI, LAURIE KOWALSKY, NANCY CASTROGIOVANNI, CAITLIN AMATRUDO, JOHN PAUL KPOACZ, JOSEPH F. LAURITA JR., MARYANN SANTOS, MICHAEL SCHINDLER, LYNETTE ABRUZZO, PAMELA MITCHELL, NICOLE FRIEDMAN, CHRISTOPHER VENATOR ESQ., INGERMAN SMITH LLP

Defendants.

CV 25 1232

WICKS, M.J.

COMPLAINT FOR VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT OF 1973, THE AMERICANS WITH DISABILITIES ACT (ADA) Title II (Public Entity Discrimination), 42 U.S.C §1983, AND THE FOURTEENTH AMENDMENT

Plaintiffs, J.A.R, a minor, by and through his parent and natural guardian, Heather Nadolny, and Heather Nadolny, individually, bring this action against Oyster Bay-East Norwich Central School District, The Oyster Bay East Norwich Central School District board of education members Laurie Kowalsky, Nancy Catsrogiovanni, Maryann Santos, Caitlin Amatrudo, Joseph Laurita, Michael Schindler, John Paul Kopacz, Lynette Abruzzo Director of Special Services, Nicole Friedman Assistant Director of Special Services, Pamela Mitchell Chairperson for CPSE , Francesco Ianni Superintendent of schools for violations of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), the Americans with Disabilities Act (ADA) (42 U.S.C. § 12131 et seq.), and the Fourteenth Amendment of the U.S. Constitution. Plaintiffs allege as follows:

I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the claims arise under federal law, specifically Section 504 of the Rehabilitation Act (29 U.S.C. § 794), Title II of the ADA (42 U.S.C. § 12131 et seq.), and the Fourteenth Amendment via 42 U.S.C. § 1983. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3)-(4) because Plaintiffs seek to redress the deprivation of rights secured by federal law and the U.S. Constitution.

2. This Court has jurisdiction to award monetary damages under Section 504, the ADA, and 42 U.S.C. § 1983 for denial of FAPE, denial of due process, and disability discrimination.

1

3. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) because Defendant is located in this district, and the events giving rise to the claims occurred in this district.

II. PARTIES

4. Plaintiff, J.A.R, is a minor child residing in East Norwich, New York, who has a disability requiring protections under Section 504 and The ADA. J.A.R is qualified under the Committee on Preschool Special Education (CPSE) with an Individualized Education Program (IEP) through the Oyster Bay East Norwich School District.

5. Plaintiff, Heather Nadolny, is J.A.R's parent and legal guardian and brings this action both on behalf of J.A.R and in her individual capacity as she has suffered personal harm due to Defendant's unlawful actions.

6. Defendant, Oyster Bay-East Norwich Central School District, is a public school district receiving federal funding, thereby obligated to comply with section 504 of the rehabilitation act, Title II of the ADA, and constitutional due process protections. The district is responsible for ensuring that students with disabilities receive Free Appropriate Public Education (FAPE).

7. Defendant Christopher Venator, Esq., is an attorney for Ingerman Smith LLP and agent for Oyster Bay-East Norwich Central School District employed by Ingerman Smith LLP and acted under color of state law in representing the district.

8. Defendant Ingerman Smith LLP is a law firm representing Oyster Bay-East Norwich Central School District and acted under color of state law in representing the district.

9. Defendant Laurie Kowalsky as Board of Education President of Oyster Bay East Norwich School District. As president of the school board, Kowalsky oversees board meetings and has significant influence over policy decisions affecting special education services within the district. Her leadership role implicates her in the systemic failure alleged herein.

10. Defendant Nancy Castrogiovanni as Board of Education Vice President of Oyster Bay East Norwich School District. In her capacity as Vice President, Castrogiovanni assists in guiding the board's decisions and shares responsibility for ensuring compliance with federal disability laws.

11. Defendant Maryann Santos as Board of Education Trustee for Oyster Bay East Norwich School District. As trustee members, these members are

collectively responsible for adopting policies and ensuring that the district adheres to legal obligations regarding special education and disability accommodations. Their inaction or approval of deficient policies contributes to the alleged violations herein.

12. Defendant Caitlin Amatrudo as Board of Education Trustee for Oyster Bay East Norwich School District. Defendant Maryann Santos as Board of Education Trustee for Oyster Bay East Norwich School District. As trustee members, these members are collectively responsible for adopting policies and ensuring that the district adheres to legal obligations regarding special education and disability accommodations. Their inaction or approval of deficient policies contribute to the alleged violations herein.

13. Defendant Joseph F Laurita Jr. as Board of Education Trustee for Oyster Bay East Norwich School District. Defendant Maryann Santos as Board of Education Trustee for Oyster Bay East Norwich School District. As trustee members, these members are collectively responsible for adopting policies and ensuring that the district adheres to legal obligations regarding special education and disability accommodations. Their inaction or approval of deficient policies contribute to the alleged violations herein.

14. Defendant Michael Schindler as Board of Education Trustee for Oyster Bay East Norwich School District. Defendant Maryann Santos as Board of Education Trustee for Oyster Bay East Norwich School District. As trustee members, these members are collectively responsible for adopting policies and ensuring that the district adheres to legal obligations regarding special education and disability accommodations. Their inaction or approval of deficient policies contribute to the alleged violations herein.

15. Defendant John Paul Kopacz as Board of Education Trustee for Oyster Bay East Norwich School District. Defendant Maryann Santos as Board of Education Trustee for Oyster Bay East Norwich School District. As trustee members, these members are collectively responsible for adopting policies and ensuring that the district adheres to legal obligations regarding special education and disability accommodations. Their inaction or approval of deficient policies contribute to the alleged violations herein.

16. Defendant Lynette Abruzzo as Director of Special Services for Oyster Bay East Norwich Central School District.  Abruzzo oversees the district's special

education programs and services. Her role includes ensuring that students like J.A.R receive appropriate evaluations and services as mandated by law.

17. Defendant Nicole Friedman as Assistant Director of Special Services for Oyster Bay East Norwich Central School District. Friedman assists in overseeing the district's special education programs and services. Her role includes ensuring that students like J.A.R receive appropriate evaluations and services as mandated by law.

18. Defendant Pamela Mitchell CPSE Chairperson for Oyster Bay East Norwich Central School District. Pamela Mitchell leads the committee on Preschool Special Education, responsible for evaluating preschool aged children and developing appropriate educational plans. Micthell's actions directly affect the services provided to J.A.R.

19. Francesco Ianni Superintendent of Schools for Oyster Bay East Norwich Central School District. The superintendent is charged with overall administration of the school district, Ianni is responsible for implementing board policies and ensuring that the district complies with federal and state education laws, including those protecting students with disabilities.

20. All named All defendants identified herein acted in their official capacities and under color of state law at all relevant times.

III. FACTUAL ALLEGATIONS

A. Denial of a Free Appropriate Public Education (FAPE) Under Section 504

7. J.A.R is a qualified individual with a disability entitled to protections under Section 504 and the ADA.

8. Despite J.A.R's known disabilities, Defendant failed to properly evaluate him and failed to provide necessary accommodations, including but not limited to the appropriate level of speech therapy and behavioral interventions, resulting in a denial of FAPE under Section 504.

9. Defendants' failure to conduct timely evaluations, failure to provide necessary services with the appropriate level of support, and failure to comply with legal requirements resulted in significant educational harm and regression for J.A.R.

10. The plaintiff has raised concerns regarding J.A.R's elopement as he has a history of running away in public places, including parking lots. Despite these concerns, the district has failed to implement any safety interventions or support to address this

4

issue. The district disregarded the parent concerns stating the preschool stated no elopement concerns, with no evidence that the plaintiff/parent's concerns were considered. The district did not incorporate parental input. The preschool stated there were no elopement concerns, while photos from a recent field trip contradict such a statement that were given to the district. These photos provide confirmation that the plaintiffs concerns are accurate.

11. On or about February 21, 2024, the plaintiff requested J.A.R be evaluated in a group setting at his new preschool. J.A.R's evaluations under CPSE took place prior to him turning 3 and were done in the home setting. The plaintiff believes J.A.R needed a full day program, behavioral supports and increased speech therapy and a group evaluation, observing how he interacts with students and teachers. No evaluation took place after the request was made by the plaintiff.

12. Since J.A.R's birthday is in January , he was permitted to stay in Early Intervention after turning 3 years old instead of transitioning to CPSE. J.A.R stayed in Early Intervention until August 31, 2024, and then transitioned into CPSE September 4, 2024. J.A.R stayed in early Intervention passed the age of 3, advised by Pamela Mitchell stating, "EI sessions are 45 minutes and CPSE are 30 minutes, EI is beneficial due to the longer sessions", except he was not getting any sessions at all because no therapists were available through EI. J.A.R stayed in EI from January 2024, until August 31, 2024, receiving no services due to therapists and providers being unavailable for his 4x a week session of special instruction and speech. Even though sessions are longer under EI, J.A.R was not receiving any sessions at all. Zero sessions of 45 minutes is zero, a clear denial of FAPE.

13. J.A.R's speech therapy sessions through the CPSE occur on Mondays and Wednesdays. On Monday's there are a significant amount of school holidays, where if you are not an Extended School Year (ESY) student, the student does not get owed make up sessions for any of the missed Monday sessions. J.A.R's IEP doesn't state whether he is or is not an ESY student, this decision is still pending. Failure to properly evaluate him and determine if he is an ESY student is a denial of FAPE. J.A.R has severe regression. J.A.R was denied equal access to education.

B. Denial of Due Process Under Section 504, the ADA, and the Fourteenth Amendment

14. On January 16, 2025, Plaintiff, Heather Nadolny, filed a due process complaint under Section 504 with the defendants, requesting a Section 504 hearing to challenge the district's failure to evaluate J.A.R and provide FAPE. This request was acknowledged the same day by Lynette Abruzzo on January 16, 2025.

5

15. Under Section 504, the ADA, and the Fourteenth Amendment, the district is required to appoint an impartial hearing officer (IHO) within a reasonable amount of time and without undue delay. However, as of the filing of this Complaint, 48 days have passed, and no hearing has been scheduled, nor has an IHO been appointed. Under IDEA. The timeline is critical for a child J.A.R's age, as delays can significantly impact services, can cause regression and impede his ability to make progress.

16. The parent sent follow-up requests on February 5, 2025, and February 13, 2025, yet the district has failed to act, causing a prolonged denial of J.A.R's legal rights and denied access to equal education.

17. On or about February 10, 2025, Mr. Christopher Venator Esq., inquired via text message if the parent was waiving J.A.R's section 504 due process hearing while discussing a settlement for another child.  Mr. Venator undermined J.A.R's hearing request and attempted to use it as a negotiation tactic, attempting to condition the resolution of one child's matter on the waiver of another child's due process rights contravenes the protections under federal law.

18. Three Board of Education (BOE) meetings have passed without action, resulting in a complete denial of due process and willful failure to act.  The defendants have demonstrated deliberate indifference and callous disregard having knowledge of the parent's due process request and willfully failed to act.  This deliberate indifference and callous disregard caused and is still causing unnecessary delay resulting in harm.

19. Defendant's failure to provide a due process hearing has made the administrative remedy unavailable, forcing Plaintiffs to bring this action directly to federal court.

20. The district currently does not have a  Section 504 policy in place regarding the appointment of an impartial hearing officer. The lack of such a policy is *discriminatory practices, as students with disabilities are denied the same* procedural safeguards available under IDEA. This systemic failure places students with disabilities at a disadvantage and deprives them of their rights to a timely impartial hearing, violating Section 504, the ADA, and the Fourteenth Amendment.

C. Harm to Plaintiff Heather Nadolny

16. Defendant's violations have not only harmed J.A.R but have also caused direct harm to his mother, Heather Nadolny, who has suffered:

- Interference with her parental rights and ability to advocate for her child.

- Denial of due process and access to legal remedies for her child's education.

6

- Emotional distress due to ongoing violations and Defendant's willful inaction.
- The ADA and Section 504 prohibit discrimination and barriers that prevent a parent from advocating for their disabled child, and defendant's have actively denied the parent her right to do so.

## IV. LEGAL CLAIMS

17. Plaintiffs sufficiently state a claim for relief under Section 504 of the Rehabilitation Act, the ADA, and the Fourteenth Amendment, as Defendants' failure to implement and enforce proper procedural safeguards has resulted in the denial of FAPE, due process, equal access to education and equal protection, causing substantial harm to the Plaintiffs'.

18. Defendant, Christopher Venator, directly interfered with Plaintiffs' due process rights by attempting to leverage J.A.R's hearing request as a negotiation tactic, intentionally causing procedural delays and undermining Plaintiffs' rights.

19. Defendant Ingerman Smith LLP, by and through its agent, Venator, knowingly permitted these procedural abuses and discriminatory practices against J.A.R, in violation of Section 504, ADA, and the Fourteenth Amendment.

20. Defendant Christopher Venator, Esq. acted under color of state law by directly implementing, enforcing, and advising discriminatory and retaliatory actions and practices against Plaintiffs. Venator intentionally interfered with procedural safeguards and denied Plaintiffs their clearly established rights under federal law, including Section 504 of the Rehabilitation Act, the ADA, and the Fourteenth Amendment. Such deliberate actions were not reasonable or objectively justified. Mr. Venator and Ingerman Smith LLP participated in the violation of J.A.R and the parent's rights. E.g., they directly interfered with procedural rights, delayed due process, and displayed deliberate indifference.

21. Defendant's failure to timely evaluate J.A.R, provide reasonable accommodations, or conduct a due process hearing violates Title II of the ADA (42 U.S.C. § 12132), resulting in discriminatory denial of equal educational opportunities.

22. Defendant, a public entity, failed to provide equal access to services, violating Title II of the ADA (42 U.S.C. § 12132). Plaintiffs seek injunctive relief, requiring Defendant to provide an appropriate educational placement and services ensuring compliance with the ADA. Plaintiffs seek declaratory relief and monetary damages for discrimination based on disability.

## COUNT 1 - VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (DENIAL OF FAPE)

23. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

24. Defendant has a legal obligation to provide students with disabilities access to FAPE.

25. Defendant failed to conduct proper evaluations, failed to provide reasonable accommodations, and denied J.A.R access to necessary services. J.A.R has made little to no progress proven in his IEP progress reports. The parent has concerns about elopement when taking field trips in public and has concerns about behavior and attention. Allowing these concerns to go on without being addressed is deliberate indifference and callous disregard, this causes substantial harm to J.A.R due to his age.

26. As a result, J.A.R suffered educational harm and emotional distress, warranting compensatory and punitive damages.

27. Defendants failed to properly evaluate J.A.R's need for Extended School Year (ESY) services, despite his documented severe regression, violating his rights under Section 504.

## COUNT 2 - VIOLATION OF SECTION 504 OF THE REHABILITATION ACT (DENIAL OF DUE PROCESS)

28. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

29. Defendant was required to provide a prompt and impartial hearing.

30. Defendant failed to appoint an IHO, denying J.A.R and Heather Nadolny their procedural rights under federal law.

31. This denial of due process caused both educational and emotional harm.

COUNT 3 - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA) AND TITLE II OF THE AMEIRCANS WITH DISABILITIES ACT

32. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

33. Defendant is a public entity subject to the requirements of the ADA and must ensure that students with disabilities receive equal access to services, programs, and due process rights.

34. Defendant's failure to timely evaluate J.A.R, provide reasonable accommodations, or conduct a due process hearing violates Title II of the ADA (42 U.S.C. § 12132), resulting in discriminatory denial of equal educational opportunities.

35. Defendants denied J.A.R equal access to education by allowing his Monday services to be missed without providing make-up sessions, resulting in an unequal amount of services compared to student who do not have services on a Monday.

36. Defendant, a public entity, failed to provide equal access to services, violating Title II of the ADA (42 U.S.C. § 12132)

COUNT 4 - VIOLATION OF THE FOURTEENTH AMENDMENT (DENIAL OF PROCEDURAL AND SUBSTANTIVE DUE PROCESS)

37. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

38. The Defendant, acting under color of state law, denied Plaintiffs procedural due process by failing to provide a legally mandated due process hearing.

39. Defendant's actions also constitute a substantive due process violation, demonstrating deliberate indifference to J.A.R's federally protected rights.

40. Defendant Venator, acting under color of state law, attempted to coerce Plaintiff into waiving J.A.R's due process rights in exchange for resolving another matter. Such retaliation violates 42 U.S.C. § 12203 (ADA retaliation) and 29 U.S.C. § 794(d) (Section 504 retaliation).

COUNT 5 - VIOLATION OF 42 U.S.C. § 1983 (FAILURE TO IMPLEMENT PROCEDURAL SAFEGUARDS FOR IHO APPOINTMENT)

41. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

42. Defendant, as a public entity and state actor, has an obligation under 42 U.S.C. § 1983 to ensure that its policies and practices do not deprive individuals of their constitutional rights.

43. Defendants Oyster Bay-East Norwich Central School District, Venator, and Ingerman Smith LLP, acting under color of state law, failed to implement a required policy for appointing an impartial hearing officer, thereby systematically depriving Plaintiffs of procedural due process and equal protection rights under the Fourteenth Amendment.

44. The failure to implement a policy for appointing an Impartial Hearing Officer (IHO) under Section 504 constitutes a violation of federally protected due process rights.

45. The district's failure to act and implement a policy results in a systemic deprivation of procedural safeguards, violating the Fourteenth Amendment and federal disability laws.

46. The deliberate indifference and inaction by state actors within the district, including the Board of Education, have caused direct harm to J.A.R and Heather Nadolny, justifying relief under 42 U.S.C. § 1983.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and award the following relief:

1. **Declaratory Relief:**

   Declaratory relief under 28 U.S.C. § 2201, affirming that Defendants' actions constitute violations of Section 504, the ADA, and the Fourteenth Amendment.

2. **Monetary Damages:**

   Award compensatory damages in the amount of $250,000.00 for educational harm, denial of FAPE, denial of due process, and emotional distress experienced by Plaintiffs.

   Award punitive damages in an amount deemed appropriate by the Court for Defendants' intentional, willful, or deliberately indifferent violations of Plaintiffs' rights under Section 504, ADA, and 42 U.S.C. § 1983.Systemic and Individual

3.  Corrective Action:

An order requiring Defendant to implement a policy ensuring that Section 504 hearings are scheduled within a reasonable timeframe.

An order requiring Defendants' to conduct a comprehensive evaluation in an IEE full neuro psychological evaluation of J.A.R at public expense.

4.  Compensatory Education:

Make-up services for all missed educational opportunities.

5.  Attorney's Fees and Costs:

An award of reasonable attorney's fees and litigation costs incurred in pursuing this action.

6.  Any Other Relief Deemed Just and Proper:

Any additional relief the Court finds necessary to remedy the ongoing harm and discrimination suffered by Plaintiffs.


Verification
I, Heather Nadolny, hereby affirm under penalty of perjury that the foregoing Complaint is true and correct to the best of my knowledge.


Dated: March 4, 2025

Respectfully submitted,

Heather Nadolny, individually and on behalf of
J.A.R
4 Hahl Lane
East Norwich, NY 11732

11

January 15, 2025

Parents Request for Section 504 Due Process Hearing
On Behalf of: Ja███████
DOB: ███2021

Oyster Bay East Norwich Central School District
150 Main Street
Oyster Bay NY 11771

I am filing this request for a Section 504 hearing on behalf of my child, Ja███████, whose rights under Section 504 of the Rehabilitation Act of 1973/ADA have been violated. The Oyster Bay-East Norwich Central School District has failed to evaluate my child comprehensively under Section 504 and has denied him access to an appropriate education, as required by federal law.

Summary of the Complaint

1. Failure to Conduct Comprehensive Evaluations Under Section 504:

   o The district has failed to conduct any evaluations under Section 504 to assess Ja███ needs across all domains of suspected disability, including speech delays, behavioral challenges, attention difficulties, and safety concerns such as elopement and impulse control.

   o The lack of evaluation denies J███ access to a free appropriate public education (FAPE), which is the district's duty under Section 504 and the ADA.

2. Failure to Fulfill the Duty of FAPE Under Section 504:

   o The Office for Civil Rights (OCR) has clarified that the obligation to provide an appropriate education under Section 504 is not limited by cost or "reasonable accommodation" standards applicable to post-secondary institutions (Letter to Zirkel, 20 Individuals with Disabilities Educ. L. Rep. 134 (1993)).

3. Unequal Access to Services Due to Therapy Scheduling:

   o Ja███ speech therapy sessions are scheduled on Mondays and Wednesdays, resulting in significantly more missed sessions than other students due to school holidays and breaks.

   o Over the course of 20 weeks, Ja███ has missed more than 8 therapy sessions due to holidays and school closures, which is a violation of Section 504 as it denies him equal access to his required services.

- o
- o  This systemic scheduling failure creates an inequitable distribution of services, disproportionately impacting Ja█ progress and access to FAPE.

## Violations of Section 504

1. Failure to Conduct Evaluations:

   - o  The district must evaluate children who are, or are believed to be, in need of special education and related services due to a disability. The district has failed to fulfill this duty by not conducting a comprehensive evaluation of Ja█ under Section 504.

2. Failure to Provide FAPE:

   - o  By failing to evaluate Ja█, the district has denied him a free appropriate public education.

3. By scheduling therapy sessions in a manner that results in frequent cancellations, the district has denied Ja█ equal access to services guaranteed under Section 504.

## Relief Requested

To remedy these violations and ensure Ja█ rights under Section 504 are upheld, I am requesting the following:

1. Comprehensive Evaluation Under Section 504:

   - o  A full evaluation of Ja█ under Section 504, including:

     - A full neuropsychological evaluation.

     - Comprehensive speech and language evaluations.

     - Behavioral assessments, including a Functional Behavioral Assessment (FBA).

     - Any additional assessments necessary to evaluate Ja█ needs comprehensively.

2. Compensatory Services:

- Compensatory services to address the harm caused by the district's failure to evaluate Ja███ under Section 504 and provide appropriate services, including:

  - Additional speech therapy sessions of 250 hours

  - Behavioral therapy services 200 hours

  - Special Education services 225 hours

  - Extended school year (ESY) services to address regression and support ongoing progress and Extended School Day Services.

The Oyster Bay-East Norwich Central School District's failure to evaluate my child under Section 504 has denied him the opportunity to access an education that meets his unique needs and ensures equal access to accommodations and services. I respectfully request that the district act promptly to address these issues by conducting a comprehensive evaluation and developing a 504 Plan that supports Ja███ educational progress.

Heather Nadolny
4 Hahl Lane
East Norwich, NY 11732
516-241-9945
Nadolnyhn@gmail.com